UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GASPARD ONE, L.L.C., ET AL** | * | **CIVIL ACTION NO. 07-1551** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **B P AMERICA PRODUCTION CO., ET AL** | * | **MAGISTRATE JUDGE HILL** |

### MEMORANDUM RULING ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiffs, Gaspard One, L.L.C. and Patricia Gaspard ("Gaspard"), on October 18, 2007. [rec. doc. 18]. Defendants, BP America Production Company ("BP") and Pan American Petroleum Corporation ("Pan American"), have filed opposition. [rec. doc. 28]. Oral argument was held on the motion, after which the undersigned took the motion under advisement. Based on the following reasons, the motion is **DENIED**.

### Background

Plaintiffs filed this damages suit alleging that defendants contaminated their property with oilfield waste. On August 3, 2007, plaintiffs brought an action in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, against BP, Pan American, the State of Louisiana, through the Louisiana

Department of Environmental Quality ("DEQ"), and the State of Louisiana, through the Louisiana Department of Natural Resources ("DNR"), pursuant to La. Civ. Code articles 667, 668, 1997, and 2315.3, and 2317.

On September 18, 2007, defendants removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  On October 17, 2007, plaintiffs filed the instant motion to remand on the grounds that this action was improvidently removed, because the tort claims against Louisiana's state agencies, DEQ and DNR, can only be brought in state court.

## Law and Analysis

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential Property and Cas. Ins. Co.*,  276 F.3d 720, 723 (5th Cir. 2002).  To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal.  *Id.*

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 ( 5th Cir. 2004).  Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been

improperly or collusively joined to manufacture federal diversity jurisdiction. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

Defendants assert that DEQ and DNR were improperly joined, as all of the factual allegations are directed specifically to the oil and gas defendants (BP and Pan American), not to DEQ and/or DNR. The allegations in the complaint include the following:

> "Defendants, at all relevant times, *operated wells and equipment* on the property that produced waste including hazardous and toxic substances. Defendants disposed of and/or released these wastes onto the property and then failed to clean such up. Defendant abandoned the lease without removing waste, pipes, and other equipment and debris on the property." (Complaint, ¶ 3).
>
> "Defendants knowingly, willfully, wantonly, and negligently caused Plaintiffs' real and personal property to become contaminated by oil, grease, salt water, and other hazardous toxic and carcinogenic chemicals *that originated from their operations* on the leased property." (Complaint, ¶ 4).
>
> "Upon information and belief, Defendants *abandoned and improperly closed* an oil waste pit on the property." (Complaint, ¶ 5).
>
> "Upon information and belief, Defendants knowingly, willfully, wantonly, and negligently *performed improper cleanups on the Plaintiffs' property*, thereby spreading and burying the existing contaminants and increasing the cost of any future cleanup of the property." (Complaint, ¶ 6).
>
> "Defendants *improperly maintained equipment* resulting in spills and leaks of oil and production wastes which contaminated the soil and water on the Plaintiffs' property." (Complaint, ¶ 7).

3

> "Defendants *failed to clean up the site or to maintain the site in a prudent and business-like manner*. Defendants left abandoned pipelines, pits and other equipment on the site and left areas of the property contaminated with oilfield wastes." (Complaint, ¶ 8).
>
> "Defendants failed to warn Plaintiffs that *their disposal and discharge activities* would be hazardous to human health and the environment. Defendants concealed the hazardous nature of the materials that they allowed to enter into and onto the Plaintiffs' land." (Complaint, ¶ 10).
>
> "*As the holder of oil, gas, and mineral leases*, Defendants are obligated to restore the surface of the property to its original condition at the earliest reasonable time." (Complaint, ¶ 14).

(emphasis added).

The court must refer to the allegations in the plaintiff's state court pleadings, and may not go beyond those pleadings, to determine if removal is proper. *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir. 1980) (*citing Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334, 338 (1939). Louisiana follows a fact pleading format, where pleadings are to be liberally construed. *Lamar Advertising Co. v. Continental Cas. Co.*, 396 F.3d 654, 664 (5th Cir. 2005). In this case, however, the allegations against DEQ and DNR are not sufficiently pled so as to assert a valid cause of action against these agencies. Since the petition filed in state court, and removed to this Court, does not assert a cause of action against DNR or DEQ, remand is not available, because joinder is

improper as to those two defendants.[1]

Accordingly, the undersigned finds that DEQ and DNR were improperly joined in this case. Since the plaintiff has failed to sufficiently plead a cause of action against the nondiverse defendant state agencies, complete diversity exists, and the motion to remand must be denied. *Smallwood*, 385 F.3d at 573.

### Conclusion

Based on the foregoing reasons, the motion to remand is **DENIED**.

Signed February 15, 2008, Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs may well have a cause of action against a DEQ and the DNR. *See Robichaux v. State, ex rel. Department of Health*, 952 So.2d 27, 41 (La. App. 1st Cir. 2006). However, under the fact pleadings used in state court, the factual allegations made in plaintiff's petition (which is the only thing this court can consider at this point) are insufficient to assert a valid cause of action against either DEQ or DNR. Should plaintiffs amend the complaint to state a cause of action against DEQ and DNR, then remand might well be appropriate at that time.