RECEIVED
MAR 3 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GASPARD ONE, L.L.C., ET AL. | CIVIL ACTION NO. 07-1551 |
| VERSUS | JUDGE DOHERTY |
| BP AMERICA PRODUCTION CO., ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Motion for More Definite Statement and Motion to Sever [Doc. 5], filed by defendants BP American Production Company ("BP") and Pan American Petroleum Corporation ("Pan American"). The motion is opposed by plaintiffs Gaspard One, L.L.C. and Patricia Gaspard ("plaintiffs") [Doc. 17]. For the following reasons, the motion is DENIED.

### I. Factual and Procedural Background

Plaintiffs, owners of certain immovable property located in Cameron Parish, Louisiana, filed this lawsuit alleging defendants BP, Pan American, and the State of Louisiana through two government agencies, the Department of Environmental Quality ("DEQ") and the Louisiana Department of Natural Resources ("DNR"), collectively, contaminated plaintiffs' property with oilfield waste and failed to warn plaintiffs the disposal of hazardous materials on plaintiffs' property would be hazardous to human health and the environment. The lawsuit was filed initially in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana on August 3, 2007. Plaintiffs' allegations in the complaint include the following:

> "Defendants, at all relevant times, *operated wells and equipment* on the property that produced waste including hazardous and toxic substances. Defendants disposed of and/or released these wastes onto the property and then failed to clean such up. Defendant abandoned the lease without removing waste, pipes, and other equipment and debris on the property." (Complaint, ¶ 3).

> "Defendants knowingly, willfully, wantonly, and negligently caused Plaintiffs' real and personal property to become contaminated by oil, grease, salt water, and other hazardous toxic and carcinogenic chemicals *that originated from their operations* on the leased property." (Complaint, ¶ 4).
>
> "Upon information and belief, Defendants *abandoned and improperly closed* an oil waste pit on the property." (Complaint, ¶ 5).
>
> "Upon information and belief, Defendants knowingly, willfully, wantonly, and negligently *performed improper cleanups on the Plaintiffs' property*, thereby spreading and burying the existing contaminants and increasing the cost of any future cleanup of the property." (Complaint, ¶ 6).
>
> "Defendants *improperly maintained equipment* resulting in spills and leaks of oil and production wastes which contaminated the soil and water on the Plaintiffs' property." (Complaint, ¶ 7).
>
> "Defendants *failed to clean up the site or to maintain the site in a prudent and business-like manner.* Defendants left abandoned pipelines, pits and other equipment on the site and left areas of the property contaminated with oilfield wastes." (Complaint, ¶ 8).
>
> "Defendants failed to warn Plaintiffs that *their disposal and discharge activities* would be hazardous to human health and the environment. Defendants concealed the hazardous nature of the materials that they allowed to enter into and onto the Plaintiffs' land."
> (Complaint, ¶ 10).
>
> "*As the holder of oil, gas, and mineral leases*, Defendants are obligated to restore the surface of the property to its original condition at the earliest reasonable time." (Complaint, ¶ 14).

(emphasis added).

On September 18, 2007, defendants BP and Pan American removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, contending DEQ and DNR were improperly joined and the citizenship of these entities should not be considered for purposes of removal. Thereafter, in September 20, 2007, defendants BP and Pan American filed the instant Motion for More Definite Statement and Motion to Sever. In their motion, BP and Pan American

2

argue, generally, plaintiffs' complaint is vague and ambiguous and should be dismissed or, alternatively, plaintiffs should be ordered to amend their petition to state their allegations against BP America and Pan American with specificity, and the inclusion of all claims against all defendants in one lawsuit is improper because the claims against the defendants do not arise out of the same transactions or occurrences.

This Court's ruling on the instant motion was deferred pending a ruling by the magistrate judge on plaintiffs' Motion to Remand [Doc. 18]. In the Motion to Remand, plaintiffs alleged the instant case was improperly removed, refuting BP and Pan American's argument DEQ and DNR were improvidently joined and contending the tort claims against these defendants could only be brought in state court. On February 15, 2008, after an evidentiary hearing on the matter, the magistrate judge concluded plaintiffs failed to state valid causes of action against DEQ and DNR and recommended to this Court that those defendants be dismissed from the lawsuit [Doc. 36]. Anticipating that this Court would agree with the recommendation to dismiss DEQ and DNR, the magistrate judge ruled the motion to remand should be denied, inasmuch as complete diversity jurisdiction exists without the presence of DEQ and DNR in the lawsuit.

The magistrate judge's ruling on plaintiffs' motion to remand and his recommendation that defendants DEQ and DNR be dismissed from this lawsuit were rendered on February 15, 2008. Since that time, plaintiffs have not filed an objection to the magistrate judge's report recommending DEQ and DNR be dismissed, nor have plaintiffs filed any amended complaint more particularly alleging their claims against BP or Pan American. Accordingly, this Court adopts the findings of the magistrate judge in his report and dismisses DEQ and DNR as parties to this lawsuit.[1]

---

[1] See Judgment dismissing DEQ and DNR as party defendants, filed this date under separate cover.

## II. Law and Analysis

### A. Motion for More Definite Statement

In the instant motion, defendants BP and Pan American argue plaintiffs' complaint is vague and ambiguous and should be dismissed or, alternatively, plaintiffs should be ordered to amend their petition to state their allegations against BP America and Pan American with specificity. In particular, BP America and Pan American allege the petition (1) fails to give the defendants an adequate property description of the property allegedly owned by plaintiffs; (2) alleges non-specific contamination at unspecified times, by various parties on or near plaintiffs' property, and in violation of unspecified contractual obligations resulting from unidentified oil and gas activities for which all defendants are conclusory alleged to be liable; and (3) alleges breach of contract but does not identify or describe any contract that was breached by BP America or Pan American or whether the oil and gas leases purportedly at issue are still in effect.

In response, plaintiffs contend the petition identifies the specific piece of land at issue, the owners of the property, the conduct of defendants which is the subject of this lawsuit, and how defendants' conduct has caused plaintiffs to sustain damages, all of which plaintiffs allege is sufficient to plead its causes of action against the defendants in this lawsuit. Additionally, plaintiffs allege additional information concerning the allegations – including information regarding the timing of contamination, the identity of the toxic or hazardous substance allegedly handled and disposed of by defendants, and the contents of the oil and gas leases at issue – is information that is already in defendants' possession or will be learned through discovery.

This Court notes motions for more definite statement are disfavored in view of the great

liberality of Rule 8 of the Federal Rules of Civil Procedure, which permits notice pleading.[2] Thus, the Fifth Circuit has stated "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). *See also* 5AC. Wright and A. Miller, *Federal Practice and Procedure* §1377 (2nd ed.1990). As the Fifth Circuit cautioned in *Mitchell*, "a motion for more definite statement is not to be used to assist in getting facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose." *Mitchell*, 269 at 132.

Applying the foregoing legal principles to the facts of this case, this Court concludes the instant motion for more definite statement should be denied, as the Court finds plaintiffs' petition is not "so vague it cannot be responded to." Specifically, plaintiffs have identified the subject property in Paragraph III (1) of their Petition as "property described as Section 2, Township 12 South, Range 9 West, Cameron Parish, Louisiana."[3] This Court concludes the foregoing property description is sufficient to put defendants on notice of the property at issue in this litigation.

---

[2] Rule 8(a) states:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P.8(a).

[3] See Plaintiffs' Petition, Doc. 1, ¶III(1).

Furthermore, the remaining information sought by defendants, including the timing of contamination, the identity of the toxic or hazardous substances, and specific information regarding the oil and gas leases at issue, is information that should already in the possession of defendants or is more properly obtained via discovery.

Considering the foregoing, the Court concludes plaintiffs' petition adequately puts defendants on notice of the pertinent facts and information supporting their claims, and the instant Motion for More Definite Statement is DENIED.

### B. Motion to Sever

In their motion, BP and Pan American also argue plaintiffs have improperly joined all of their claims against BP America, Pan American, DEQ, and DNR into one lawsuit, when the activities of the collectively-referenced defendants do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." In response, plaintiffs argue their claims against the defendants do, indeed, arise out of the same series of occurrences and transactions – that is, the disposal of oil, grease, salt water, and other hazardous toxic and carcinogenic chemicals on and around plaintiffs' land over a period of time – and that there are many common questions among these defendants.

Rule 20(a) of the Federal Rules of Civil Procedure governs the joinder of defendants into one lawsuit. Rule 20(a)(2) provides in pertinent part:

**(a) Persons Who May Join or Be Joined.**

> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> > **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed.RCiv.P. 20(a)(2). Thus, under Rule 20(a)(2), plaintiffs are permitted to join all defendants who performed acts arising out of the same series of transactions and whose alleged illegal acts concern common questions of law.

As an initial matter, this Court notes the magistrate judge has recommended DEQ and DNR be dismissed as defendants in this lawsuit, inasmuch as plaintiffs' petition, as originally filed, fails to sufficiently allege facts supporting valid causes of action against these defendants. There having been no objection to the magistrate judge's recommendation, this Court has adopted the findings of the magistrate judge and dismissed these defendants from the lawsuit. Thus, any motion to sever plaintiffs' claims against DEQ and DNR is moot, inasmuch as these defendants are no longer parties to this lawsuit.

With respect to defendants BP and Pan American, this Court concludes these parties are properly joined as defendants in this lawsuit. Plaintiffs' claims allege contamination of a certain piece of immovable property during a relevant time period, as well as failures to warn of such contamination. This Court concludes the alleged claims arise out of the same series of occurrences and transactions – the disposal of oil, grease, salt water and another hazardous toxic and carcinogenic chemicals and the failure to warn of same – on the plaintiff's property over a period of time, which presents common questions as to these defendants, including which of the defendants may have caused which damage at which particular time. Considering the foregoing, this Court concludes the inclusion of the claims against these defendants into one lawsuit is proper – even, perhaps, necessary – to address the relief sought by plaintiffs.

Considering the foregoing, the instant motion to sever is DENIED AS MOOT as to

defendants DEQ and DNR and is DENIED ON THE MERITS as to defendants BP and Pan American.

### III. Conclusion

Considering the foregoing, the Motion for More Definite Statement and Motion to Sever filed by defendants BP and Pan American [Doc. 5] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 31 day of March, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE